E. McCOMB and ZACCHEUS BEATTY v. WILLIAM J. REED, SETH KINMAN, JOHN QUICK, J. P. ALBEE, R. M. WILLIAMS, and WILLIAM TAYLOR.

ATTACHMENT—WHEN NOT VOID.—An attachment, regular upon its face, is not void because the complaint does not set up a cause of action which would warrant the issuance of an attachment.

WHERE A DEFENSE MUST BE SPECIALLY PLEADED.—In an action against a Sheriff for a violation of his duty in the service of an attachment, if he relies on matters occurring after its issuance and operating as a dissolution of the same, such matters must be specially pleaded.

JUDGMENT MUST FOLLOW ISSUES JOINED.—If a defense should be specially pleaded, the omission to plead it is not cured by the introduction without objection of evidence in support of it, and the finding of the facts in relation to it by the Court.

SHERIFF'S DUTY AS TO ATTACHMENTS.—A Sheriff who receives an attachment, regular upon its face, cannot pay over the money obtained by him from the sale of property levied on by virtue of the writ to a junior attaching creditor, because the complaint in the action on which the first attachment was issued did not set forth a cause of action upon which an attachment could issue.

HOW SHERIFF SHOULD APPLY MONEY ON ATTACHMENTS.—When a Sheriff receives money on execution sale of property levied on by virtue of attachments, it is his duty to apply the money in the order of the attachments. The Sheriff has no right to go back of the process and raise the question as to the validity of the attachments.

FIRST AND SECOND ATTACHING CREDITORS.—Query: Where two attachments have been levied on the same property, can the junior attaching creditor successfully attack the validity of the first on the ground that the complaint did not contain a cause of action upon a contract express or implied for the direct payment of money?

JUDGMENT PAYABLE IN GOLD COIN.—A party cannot recover against another a judgment payable in gold or silver coin, on the ground that the other received it for him, in trust, in that form, unless the kind of money received is specially averred in the complaint.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

36

July 19th, 1856, the plaintiffs' attachment was issued out of the Superior Court of the City and County of San Francisco, and on the 22d day of July, 1856, it was placed in the hands of the Sheriff and a levy made. The next day an attachment was issued out of the District Court in Humboldt County, against Ross & McLean, at the suit of Henry Fleishman, which was placed in the hands of the Sheriff and levied on the same property the day it was issued. The Sheriff paid the money realized from the sale of the property to Fleishman. The plaintiffs recovered judgment in the Court below, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*Delos Lake,* and *Robert F. Morrison,* for Appellants, argued that the attachment at the suit of McComb & Co. was void as against the other attaching creditors, because the complaint contained a count which did not justify the issuing thereof, and referred to *McGovern* v. *Payne,* 23 Barbour, 90.

*James C. Cary,* for Respondents, argued that, admitting the attachment was improperly issued, the Sheriff could not question it: 1st. Because this defense was not pleaded. 2d. That even if pleaded, the Sheriff could not make this defense; and cited *The People* v. *Dunning,* 1 Wend. 17; *Stever* v. *Sanberger,* 24 Wend. 275, 276; *Hagart* v. *Morgan,* 1 Selden, 428, 459; *Gregory* v. *Levy,* 12 Barbour, 611, 612; and *Dixey* v. *Polack,* 8 Cal. 573.

By the Court, SHAFTER, J.

This is an action on a Sheriff's bond, given by defendant Reed, Sheriff of the County of Humboldt, and executed by the other defendants as his sureties.

The complaint alleges that the plaintiffs, in the year 1856, brought an action in the Superior Court of the City of San Francisco against Ross and McLean for three thousand dollars then due and owing from the defendants to the plaintiffs. That having filed an affidavit and given the necessary bonds,

an attachment issued for the sum of sixteen hundred and thirty-two dollars and eight cents, directed to the Sheriff of the County of Humboldt, which writ was thereafter delivered to Reed as such Sheriff for service, and that he thereafter and by virtue of the process attached property of Ross and McLean more than sufficient to satisfy the attachment and the costs of serving the same. That the Sheriff thereafter sold the property under the attachment and that the proceeds were more than sufficient to satisfy the plaintiffs' claim and the Sheriff's fees and charges. That the plaintiffs thereafter recovered judgment in said action for the sum of sixteen hundred and thirty-two dollars and eight cents and fifty dollars and fifty cents costs, which judgment remains in full force and unsatisfied. That Reed thereafter, in derogation of the plaintiffs' rights, paid the money in his hands to junior attaching creditors of Ross and McLean under pretense that the attachment of the plaintiffs was a nullity. That the plaintiffs thereafter sued out an execution on their judgment and delivered it to the Sheriff, who returned it *nulla bona.* The complaint then proceeds to set forth the Sheriff's bond and to assign the breach on which the plaintiffs rely, viz: the misapplication of the funds as before stated.

The answer contains a general denial of all the plaintiffs' allegations, and a special defense that " the cause and causes of action stated and set forth in the complaint in the Superior Court in the City of San Francisco, by the said plaintiffs, against Charles S. Ross and Hector H. McLean, was not, and were not, as set forth in said complaint, upon contract or contracts, express or implied, for the direct payment of money ; and that the attachment issued in said action was invalid, illegal and void." There are two other special defenses stated in the answer but no question is made upon either.

There were in fact two complaints filed in the action—one original and the other amended ; and it does not appear, precisely, whether the complaint referred to in the first special answer named is the original or the amended complaint ; nor

does it make any difference, in the view that we take of the case, whether the reference is to the one or the other.

The case was tried by the Court. The findings are contained in the record, and the appeal is from the judgment entered thereon in favor of the plaintiffs.

First—The Court has found that the attachment issued, in fact, upon the original complaint; and that the complaint was thereafter amended by the introduction of new counts, which, as is apparent, set up causes of action not within the purview of the original complaint; and it is insisted that these amendments operated as a dissolution of the attachment. It appears, also, that the fourth count was demurred to specially, and that the count was adjudged to be insufficient; and it is claimed that the attachment was thereby dissolved. But the demurrer and the decision upon it—the fact of the amendments—the nature of them—and the fact that they were made subsequent to the attachment—are all new matter. They are reconcilable with the truth of every averment in the complaint, and if they could have any operation it would be by way of avoidance. The question of their legal effect cannot be gone into on this appeal, for they were not specially pleaded. The circumstance that the facts have been found by the Court, and upon evidence to the introduction of which it does not appear that the respondents objected, is of no avail. The case must be determined upon the facts as related to the issues joined. (*Smith* v. *Owens*, 21 Cal. 12.)

Second—The Court has found the allegations of the complaint to be true; and, under the issues taken on the first special answer, the finding is that the original complaint contained four counts: The first for goods sold and delivered; the second for money paid, laid out and expended; the third on an account stated, and the fourth on a special contract made between the parties on the 10th day of April, 1856, whereby the plaintiffs agreed to purchase and consign groceries to the amount of two thousand dollars, to Ross and McLean, for sale on joint account. The plaintiffs were to receive interest at the rate of one per cent per month, two-

and one half per cent commission for purchasing, and seven and one half per cent of the net profits. The defendants were to render an account quarterly. The goods when shipped, " were to be regarded and held as consignments from said McComb & Co." It was further averred : " That in pursuance of said contract, they (the plaintiffs) from time to time consigned to the defendants goods and merchandise to the value of thirty-five hundred dollars, at cost prices, for cash; which goods and merchandise were received by said defendants, under and in pursuance of said contract, to be held and accounted for by said defendants as consigned goods. And the plaintiffs aver that the said defendants have in no manner accounted to the plaintiffs for said merchandise, or the proceeds thereof, nor for any part of the same, but have converted and disposed thereof to their own use; and have wholly neglected and failed to render to the plaintiffs any account of sales of said goods notwithstanding more than three months have elapsed since the said goods and merchandise were consigned to and received by said defendants as aforesaid. And the plaintiffs aver, that although often requested, the defendants have not paid to the plaintiffs the several sums of money aforesaid or any part thereof. Wherefore they pray judgment for three thousand dollars."

(1.) It is claimed for the appellants, that the action, in so far as the fourth count is concerned, is not based " upon a contract expressed or implied, for the direct payment of money." The respondents controvert this proposition, but they insist, primarily, that neither the Sheriff nor his sureties can raise the question; and we think the point well taken.

Conceding for the purposes of argument, that the fourth count sounds in damages, still the attachment was not void. The writ was regular on its face, and therefore was good as a protection to the officer. The attachment would have held, as between the parties to the action, in the event of a failure on the part of the defendants to raise the objection. It was held in *Bacon* v. *Cropsey*, 3 Sel. 195, that where, under the provisions of a statute, an execution might issue thirty days

after the entry of a judgment, " the fact that it was issued within a shorter period was not a defense to a Sheriff in an action against him for false return;" and " that an execution so issued was not void, but voidable." The Court, in the case at bar, had jurisdiction of the action, and therefore had jurisdiction over the question of the attachment. (*Cruyt* v. *Phillips*, 7 Ab. 209.) And it appears, further, that the validity of the attachment was in fact passed upon by the Court, on a motion to dissolve made by the parties defendant, and that the motion was overruled. This decision, if objectionable at all, was erroneous at the worst and not *coram non judice*. No appeal was taken from the judgment subsequently rendered, and the interlocutory order is now *res judicata* as between the parties to the record. It follows that if no attachment but the plaintiffs' had been put upon the property, and the defendant had failed to pay over the proceeds on execution, the objection now urged to the validity of the attachment would not have availed the Sheriff as a defense. This conclusion is further sustained by 1 Cow. 309; 4 Cow. 158; 3 Barb. 17. *Buffandeau* v. *Edmondson*, 17 Cal. 441, was trespass against a Sheriff for five thousand dollars damages, for proceeding to sell the plaintiff's property under execution after service of an injunction restraining such sale. The defense went upon the ground, in part, that the plaintiff had no right to an injunction—that is, upon the ground that the Court erred in granting the injunction. The Court say : " It is unnecessary to consider whether the bill of complaint showed a proper case for an injunction or whether the injunction was regularly granted or not. It was enough for the Sheriff that a Court of competent jurisdiction had made the order, and then it became his duty to obey it. It is no part of the Sheriff's duty to sit in judgment upon official acts and reform the errors or revise the orders of a Judge." *McGovern* v. *Page*, 32 Barb. 84, cited for the appellants, is not in point. There the order of arrest was examined on the motion of the defendant made by him in the action.

The subsequent attachment of Fleishman varied neither the

rights nor the duties of the Sheriff, as above stated. He was but a ministerial officer before the second attachment was made, and the making of it did not vary the extent nor the quality of his powers. The plaintiff's attachment and execution were all final documents as to the Sheriff. He had no right when he received Fleishman's attachment to go back of that process and raise the question of its validity upon the pleadings in the action in which it was issued, nor was he at liberty to concern himself with that question when he received Fleishman's execution. The rule of official duty in the matter of the plaintiff's process was the same. When the Sheriff received the respective executions, it was his duty to apply the money in the order of the attachments as required by law. Had he done so, his ministerial duties would have been fulfilled, and he would have been protected against all attacks that might have been made upon him at the suit of Fleishman. If Fleishman had the better right, it was his business to move in the matter in person, and in one of the alternative modes pointed out in *Speyer* v. *Ihmels*, 21 Cal. 287. Or, if the execution creditors were respectively pushing the Sheriff at law, and he did not care to solve the question of his own duty, he might under proper proceedings have obtained judicial direction. But, as a Sheriff can under no circumstances go back of an execution and disobey its expressed mandate on the ground that the judgment upon which it issued was erroneous in fact or in his opinion, so he cannot under any circumstances, go back of a writ of attachment valid on its face, and adjudge the question of the party's right to it upon the pleadings, and certainly not in a case where the precise point has been raised and determined by the Court in advance. (Crocker on Sheriffs, Sec. 844; *Dixey* v. *Pollock*, 8 Cal. 573.)

Further, it may well be doubted whether Fleishman could have established a better right in himself to the funds in the Sheriff's hands by force of the alleged error if he had moved directly in the matter. (*Patrick* v. *Montader et als.*, 13 Cal. 434; *Fridenberg* v. *Pierson*, 18 Cal. 152; Drake on Att., Chap.

39.) But that is a question which it is not necessary for us to decide.

The judgment, in so far as it provides for a recovery in United States coin, is erroneous. The complaint does not make a case within the Specific Contract Act. The allegation is that " the said Reed, Sheriff, as aforesaid, sold the said property and converted the same into *cash*, and received as the proceeds of such sale more *money* than was sufficient to satisfy the plaintiffs' said demand, and all the lawful fees and charges of the said Reed in that behalf." The right to the relief given is peculiar and exceptional, and if a party would recover money in the form of gold or silver of one who received it for him in that form, the form or kind of money received should be specially averred. (Acts 1863, p. 687.) There are other grounds on which the validity of the judgment in this particular may be questioned, but inasmuch as it is not necessary to pass upon them we forbear to discuss them.

The Court below is directed to modify the judgment by striking out that portion of it which requires that the sum recovered should be paid in gold or silver coin of the United States. The judgment as so modified to stand as the judgment in the case.