### No. 2713.—James A. Cobb *v.* A. Depue, Sheriff.

Plaintiff, a judgment creditor of the husband, caused his property to be seized under execution. The wife caused execution to issue on her judgment, and the same property was seized, a sale was made under these seizures, plaintiff took a rule on the sheriff, to pay over the proceeds of the sale in satisfaction of his judgment. The wife intervened in this rule and claimed the proceeds, on the ground of a superior mortgage to that of th · seiz ng creditor. Held—That she should be permitted to do so; that the court was without the capacity t) decide on the proper disposition to be made of the proceeds unless all the parties interested were before it; that to allow the wife to intervene and establish her right to the proceeds of the sale in this proceeding would avoid a circuity of action and put an end to the litigation.

APPEAL from Fifth District Court, parish East Feliciana. *Posey,* J. *Cross & Hardee,* for plaintiff and appellant. *McVea & Hunter,* for defendant and appellee.

Ludeling, C. J. The plaintiff caused two writs of *fieri facias* to be issued against his debtor, H. C. Williams, which were placed in the hands of the sheriff, with instructions to seize certain property. The property was seized and advertised for sale. Before the sale Mrs. M. L. Booker, wife of H. C. Williams, caused an execution to be issued under her judgment against said Williams, and the same property, previously seized under plaintiff's executions, was levied upon.

At the sale, Mrs. Booker purchased the property and directed the sheriff to credit the amount of her bid on her execution, as she had the first mortgage on the property sold, and the sheriff obeyed her directions. The plaintiff then took a rule against the sheriff to make him pay to plaintiff the price of the adjudication.

In this proceeding Mrs. M. L. Booker intervened, and asserts her right to be paid by virtue of the priority of her mortgage on the property sold. The sheriff answers that he has no interest in the contest, except to do his duty, as the court may direct.

The plaintiff contends that Mrs. M. L. Booker can not be permitted to interfere or intervene in this suit. We think otherwise. It would be impossible to pass upon the rights of all the parties interested, so as to conclude them, unless they were before the court; and we can see no objection to permitting the intervenor to establish her right to the proceeds of the sale in these proceedings; it certainly will prevent further litigation.

The evidence sustains the judgment of the district court.

It is ordered that the judgment be affirmed, with costs of appeal.