'(April 8, 1909.)

POTLATCH LUMBER COMPANY (a Corporation), Respondent, v. GEORGE RUNKEL, Respondent, and ELIZA J. RUNKEL, Intervenor and Appellant.

[101 Pac. 396.]

INTERVENTION—CLAIMANT TO ATTACHED PROPERTY MAY INTERVENE.

1. Under the provisions of sec. 4111, Rev. Codes of this state, which authorizes a third party to intervene who has "an interest in the matter in litigation, in the success of either of the parties, or an interest against both," the owner or claimant of property attached in an action for debt has such an interest against both parties to the main action as entitles him to intervene for the purpose of asserting his right and title to the attached property.

2. Under the statute of this state (sec. 4302, Rev. Codes), an attachment duly and regularly issued and levied becomes a lien on the property "as security for the satisfaction of any judgment that may be recovered." The attachment, therefore, is such a provisional remedy as reaches out and lays hold upon the property

by proceeding *in rem* and subjects it to the payment of the debt for the recovery of which the action was instituted.

3. The fact that the intervenor has some other and adequate remedy for the protection of his property and rights is no bar to his right to intervene. If he has any interest in the matter in litigation, or in the success of either of the parties, he has a right to intervene.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Action by the plaintiff against defendant for debt. Attachment issued. Eliza J. Runkel, claimant of the property attached, asked leave to intervene. Application denied, from which she appeals. *Reversed.*

C. H. Lingenfelter, for Appellant.

If the plaintiff is successful in its cause of action and obtains its judgment, the property under attachment, the property of this petitioner, will be sold to satisfy the judgment under the sanction of the law as predicated upon the action of the *Potlatch Lumber Company v. George Runkel,* thus necessitating the petitioner bringing a suit, either to enjoin the sale, or after sale a suit to remove the cloud from her title, all of which would be rendered unnecessary were she allowed to intervene in the original suit and prove her title. This shows her "interest in the success of either of the parties." (*Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212.)

Geo. W. Tannahill, for Respondent.

The interest mentioned in the statute which entitles the person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. (*Horn v. Volcano Water Co.,* 13 Cal. 62, 73 Am. Dec. 569.)

The object of the intervention in this suit is to try out the title to the real estate sought to be held by the attachment in

this action. This certainly would retard the suit, would be injecting a new suit, or an additional cause of action, and would be, in fact, a separate, distinct and additional trial. Such a proceeding is not authorized by the statute authorizing an intervention. (*Hibernia Savings & Loan Co. v. Churchill*, 128 Cal. 638, 79 Am. St. 73, 61 Pac. 278; *Isaacs v. Jones*, 121 Cal. 257, 53 Pac. 793, 1101.)

"In ordinary attachments, third parties claiming only an interest in the property attached, and not in the subject matter of the suit, cannot intervene in the main action for the purpose of asserting their rights to the attached property. The proper course, as a general rule, if they desire to set up their rights to the property, is to file a claimant's bond, or pursue the sheriff in an action in trespass." (*Ryan v. Goldfrank & Co.*, 58 Tex. 356; *Pool v. Sandford*, 52 Tex. 621; *Rodrigues v. Trevino*, 54 Tex. 198; *Williams v. Bailey* (Tex. Civ. App.), 29 S. W. 834; *Loving v. Edes*, 8 Iowa, 427.)

AILSHIE, J.—This is an appeal from a final order made by the district judge denying appellant's application and petition to intervene in an action entitled, *Potlatch Lumber Co., Plaintiff, v. George Runkel, Defendant.* The plaintiff commenced an action against the defendant, George Runkel, for the recovery of a money judgment in the sum of $739.65 as the purchase price of a lot of fruit boxes. The defendant answered admitting the purchase of the boxes, and pleading a separate defense and counterclaim. Subsequent to the issuance of the summons in the action, the plaintiff procured the issuance of a writ of attachment against the defendant's property, and thereupon had a tract of 160 acres of land attached as the property of the defendant but standing on the records in the name of Eliza J. Runkel, the wife of the defendant. After the levying of attachment, Mrs. Runkel, the appellant in this case, filed her petition and application, praying that she be allowed to intervene in the action and establish her right to the real estate attached, and have the cloud cast upon the same by the attachment removed. Appellant alleged in her petition that she was the wife of the defendant, George Runkel, and the absolute and sole owner of the tract

of land attached, in her separate and individual right, and that her husband had no interest, right or claim whatever in or to the premises. She also alleged that she purchased the property wholly with her own money, received by her inheritance from her father's estate. It was further alleged that the attachment cast a cloud upon her title and would necessitate her maintaining a separate and independent action to remove such cloud if she were not allowed to intervene to show her right, title and interest to the attached premises. The district court denied her application and this appeal is prosecuted from that order.

The only question confronting us on this appeal is to determine whether or not the appellant has shown such "an interest in the matter in litigation, in the success of either of the parties, or an interest against both," as to entitle her to intervene and become a party to the further proceedings in the action.

Upon first impression, we were strongly inclined to believe that there was no merit in appellant's contention, but the more we have examined into the matter and considered the statute, as well as the nature of appellant's claim, the more we are convinced that appellant should have been permitted to intervene in this action for the purpose of having the cloud cast by the attachment removed from her property, provided she could establish the allegations of her complaint to the effect that she is the sole and absolute owner of the property in her own right. Our statute authorizing intervention is section 4111 of the Revised Codes, and is as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the

ground upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint.''

This provision of our statute was copied from the California statute and is identical with section 387 of the California Code of Civil Procedure. (3 Kerr's Code, p. 431.) The California statute, in turn, was copied from Louisiana, and this is true with practically all the statutes of the middle and western states authorizing intervention. This remedy was not known at common law, but seems to be a product of the civil law, and had its origin in this country in Louisiana. (*Hyman v. Cameron*, 46 Miss. 725; note to *Brown v. Saul*, 16 Am. Dec. 177.)

The leading California case dealing with this statute is that of *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569. The opinion in that case was written by Justice Field, and the right which will authorize an intervention is there defined as follows: ''To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or claim to, or lien upon, the property, or some part thereof, which is the subject of litigation.'' In support of this holding, Louisiana cases are cited. In the Horn case, the California court permitted judgment creditors having judgment lien against the property involved in the litigation to intervene and set up their respective rights.

The rights of third parties to intervene seem to have been frequent subjects of consideration before the supreme court of California immediately succeeding the adoption of this statute in 1854. In *Speyer v. Ihmels*, 21 Cal. 280, 81 Am. Dec. 157, and while Justice Field was still a member of the California supreme court, the question arose over the right of a subsequent attaching creditor to intervene in the suit of a senior attaching creditor and there to urge the fraudulent character of the senior attachment. The court in passing

upon the interest, or, rather, the character of the interest, asserted by the intervenor, said:

"Although the intervenors have not a claim to or lien upon any property which is the direct subject of litigation in this action, they have a lien upon property which is held subject to the results of the litigation, and which would be lost to the intervenors, if the original action should proceed to judgment and execution. If the case does not fall within the precise definition of the cases in which intervention takes place, as given in section 659, and as explained in the case of *Horn v. Volcano Waterworks*, 13 Cal. 62, 73 Am. Dec. 569, it is substantially within the object provided for by that section, and as that is a law only regulating modes of procedure, and not affecting rights of property, we think the interpretation given to it in the case of *Davis v. Eppinger*, 18 Cal. 378, 79 Am. Dec. 184, should not be changed."

Since the decision in the Speyer-Ihmels case, the California court has repeatedly held that a junior attaching creditor may intervene in the action of a senior attaching creditor for the purpose of testing the validity of the first attachment. (*McComb v. Reed*, 28 Cal. 281, 87 Am. Dec. 115; *Coghill v. Marks*, 29 Cal. 673; *Kimball v. Richardson-Kimball Co.*, 111 Cal. 386, 43 Pac. 1111; *McEldowney v. Madden*, 124 Cal. 108, 56 Pac. 783. See, also, *Stich v. Dickinson*, 38 Cal. 608.) It has also been held by the same court that a wife might intervene in a foreclosure suit against her husband and set up her homestead right to the mortgaged premises. (*Mabury v. Ruiz*, 58 Cal. 11; *Sargent v. Wilson*, 5 Cal. 504.)

In Louisiana (*Cobb v. Depue*, 22 La. Ann. 244) the court held that a third party might intervene for the purpose of claiming money that had been collected by the sheriff upon execution that had issued on a judgment of the plaintiff in the main case.

*Field v. Harrison*, 20 La. Ann. 411, is a case in point in every particular here, with the exception that in that case the property attached was personal property instead of real estate, as in the case at bar. There Field sued Harrison and others

and caused an attachment to issue, under which thirteen bales of cotton were seized. One Ayers sought to intervene and have the attachment dismissed and be decreed the owner of the property attached. The court sustained his intervention and ordered judgment in his favor and decreed him to be the owner of the property. The decision, coming from the birthplace of the statute on intervention, is of necessity very strong authority in this state under a statute that has been indirectly taken from the former state.

In *Lee v. Bradlee*, 8 Mart. 20 (O. S.), the Louisiana court permitted a third party to intervene for the purpose of claiming the property attached, and in course of the opinion also passed upon another point that arises in this connection, and of which we will treat later in the opinion. The court said:

"The plaintiffs, citizens of Boston, have attached property here, which they say belongs to the defendant, their debtor, also a resident of that place; the defendant pleaded the general issue, and the debt was proved; so that between plaintiff and defendant it only remained for the court to pronounce judgment accordingly. But a third person has stepped in averring the goods attached to be his property, and demanding restoration of them. The claimant has not only attempted to prove the property to be his, but he has been acting the part of the defendant, by undertaking to show that the attachment ought not to have issued, and that after it had issued it was imperfectly executed. The only thing which we conceive a claimant may be permitted to do is to show that the property attached is verily his. As soon as he succeeds in that, his part is at an end. But a claimant has surely no right to show any irregularity in the suit in which he intervenes, for the sole purpose of rescuing the property. Whether the plaintiff, the court, and the sheriff have been acting legally or not is none of his business; for whether the proceedings are regular or not, the property must be shown to be his before it can be returned to him; and whether they are regular or not, it shall not be returned unless he proves that it belongs to him."

Intervention was also allowed in favor of the owner of attached goods in *Letchford v. Jacobs*, 17 La. 79. *Dennis v.*

*Kolm,* 131 Cal. 91, 63 Pac. 141, is in point here and supports the principle on which intervention is allowable in a case like the one at bar.    (See, also, Pomeroy's Code Remedies, 4th ed., secs. 323, 324.)

Other courts have construed this same statute, and while the decisions are not entirely uniform, yet they practically all hold that one who claims to be the owner of attached property or to have a lien on it by mortgage, attachment or otherwise, is entitled to intervene in an action where the property has been attached as being the property of another party.    This was true in *Taylor v. Adair,* 22 Iowa, 279.

The contention is made that since there is no contes between the plaintiff and defendant over the title to the attached property, and that the only contest between them is over the indebtedness, that therefore the intervenor should not be let in to present another issue.    That proposition is really the cause of confusion in this case.    But the difficulty is dissipated when we remember that the intervenor is in no respect interested in the question as to whether the defendant is indebted to the plaintiff or not.    The interest of the intervenor here is to show that neither plaintiff nor defendant has any interest in this property.    In fact, she would not be permitted to interpose a defense personal to the defendant and in the result of which she could have no interest one way or the other.    (See *Lee v. Bradlee, supra.*)    The plaintiff, however, by reason of causing the intervenor's property to be attached by provisional remedy, has reached out by process in the nature of a proceeding *in rem* and laid hold upon certain property as security for the payment of any judgment it may obtain.    Under our statute an attachment, duly and regularly issued and levied, becomes a lien on the property "as security for the satisfaction of any judgment that may be recovered."    (Sec. 4302, Rev. Codes.)    The plaintiff has therefore brought the issue as to the ownership of this property into the case.    It has cast a cloud upon Mrs. Runkel's record title.    If it obtains a judgment against the defendant, then execution will issue against this property.    If a sale should be made, it would become necessary for Mrs. Runkel to prosecute an action to remove the cloud and quiet her title.    If

the property is not sold, it would still be necessary for her to prosecute her action to remove the cloud of the attachment, unless the plaintiff should voluntarily relinquish the lien. It is for just such cases and for the purpose of preventing circuity and multiplicity of litigation that the statute authorizing intervention by strangers was enacted. (*Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212; *Pence v. Sweeney,* 3 Ida. 181, 28 Pac. 413; *Gold Hunter M. & S. Co. v. Hollman,* 3 Ida. 99, 27 Pac. 413.) The fact that the intervenor has another remedy and may not be barred by a judgment in the action is no reason for denying her the right to intervene.

In *Coffey v. Greenfield,* 55 Cal. 382, the court, in speaking of the extent of the interest necessary to entitle a party to intervene, said: "The fact that the intervenor may or may not protect that interest in some other way is not material. If he has an interest in the matter in litigation or in the success of either of the parties, he has a right to intervene." To the same effect, see *Kimball v. Richardson-Kimball Co.,* 111 Cal. 386, 43 Pac. 1111; *Dennis v. Kolm,* 131 Cal. 91, 63 Pac. 141; *Taylor v. Bank of Volga,* 9 S. D. 572, 70 N. W. 834.

The only state from which we have found decisions denying the right of the owner or claimant of property attached to intervene is Texas. There they seem to hold that although a third party may be the owner or claimant of the property attached, he may not intervene in the main case for the purpose of asserting his right. This is based upon the theory that in such cases the subject matter of the suit is the debt to be collected, and that the ownership of the property is in no way put in issue by the pleadings in the case, and therefore forms no part of the subject matter of the action. (*Williams v. Bailey* (Tex. Civ. App.), 29 S. W. 834; *Rodrigues v. Trevino,* 54 Tex. 198; *Meyer v. Sligh,* 81 Tex. 336, 16 S. W. 1022.) In Texas, however, they have no statute authorizing intervention. (See *Pool v. Sanford,* 52 Tex. 621.) In that state they seem to rest their practice of allowing intervention on a combination of the principles of the ecclesiastical and civil law, and to apply it under the principles of equity practice. (See *Pool v. Sanford,* 52 Tex. 621.)

After a somewhat extended examination of this question, we have arrived at the conclusion that a third party whose property has been levied upon in an action against another, has such an interest in the subject matter as entitles him to intervene for the purpose of establishing his right and removing the cloud cast on his property by the attachment. The order of the district court will be reversed and the cause remanded, with direction to permit the appellant, Eliza J. Runkel, to intervene. Costs awarded in favor of the intervenor, and against the Potlatch Lumber Company.

Sullivan, C. J., and Stewart, J., concur.