Abelardo Casanova Prats, Petitioner and Appellant, v. Municipal Court of San Juan (Second Section), Respondent and Appellee.

No. 5262. Argued January 20, 1931.—Decided February 17, 1931.

*Abelardo Casanova Prats, in pro. per. E. Font* for intervener.

Mr. Justice Wolf delivered the opinion of the Court.

In the Municipal Court of San Juan to secure a judgment for a debt owing to a plaintiff, certain property was attached. Abelardo Casanova Prats attempted to intervene, claiming the attached property as his own. The Municipal Court of San Juan decided that the remedy by intervention did not lie; that the remedy was rather a claim against the marshal by virtue of the Act of 1907, Session Laws, page 308. As no appeal lay, Abelardo Casanova presented to the District Court of San Juan an application for a writ of certiorari. The writ was issued, but subsequently quashed, substantially on the same grounds that caused the municipal court to deny the right of intervention. On appeal, therefore, we are to determine the extent of the right of intervention and whether the remedy given by said Act of 1907 is exclusive.

Section 72 of the Code of Civil Procedure provides as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

In *Mari* v. *Mari,* 26 P.R.R. -603, the contention was that a creditor with a lien on property attached had no right of intervention. The origin of intervention, as a civil law remedy, was traced from Louisiana to California from which state our own statute was indirectly taken. We accepted the doctrine from 2 R.C.L. 882, that not only does the right exist for the test of ownership of property attached, but also for one who has a lien on the same. We cited numerous authorities to the same effect and among them *Potlatch Lumber Co.* v. *Runkel,* 16 Idaho 192, annotated in 23 L.R.A. (N. S.) 536; *Dennis* v. *Kolm,* 131 Cal. 92, is likewise applicable.

Although not relied upon by either court, there are dicta in *Lessesne, etc.,* v. *Porto Rico Drug,* 39 P.R.R. 852, that might seemingly support the conclusion reached by them in this case. However, the essential matter therein involved, as shown by the facts and the citations was that an unsecured creditor had no right of intervention to reach the property already attached. We adhere to the position taken in *Mari* v. *Mari, supra.* See also *Pabón* v. *Solivellas & Co. et al.,* 26 P.R.R. 206. In *Potlatch* v. *Runkel, supra,* it was held that the fact that the proposed intervener had some other and adequate remedy for the protection of his rights was no bar to his right to intervene. We accept that principle, unless there is something in the Act of 1907 which showed an intention in whole or in part to repeal section 72 of the Code of Civil Procedure. Implied repeals are not favored. The Act of 1907, (Comp. St., 1911, Sec. 5260), in this regard provides:

"That whenever any marshal or other lawful officer shall levy a writ of execution, attachment or other like writ upon any movable property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ, such person or his agent or attorney may make oath in writing before any officer authorized to administer oaths that such claim is made in good faith, and present such oath to the officer who made such levy."

We find nothing therein that expressly or even indirectly

causes a repeal of section 72 of the Code of Civil Procedure. The two remedies can stand together.

There was no attack on the petition of intervention but the municipal court may consider its merits.

The resolution appealed from should be reversed, and an order entered annulling the order of the municipal court and sending the record back to the latter court for further proceedings not inconsistent with this opinion.

Mr. Justice Aldrey and Mr. Justice Hutchison dissented.