C. YALE JR. & CO. *v.* P. HOOPES & CO.

Where intervenors gave a bond conditioned to satisfy any judgment that should be rendered against them, where they bonded property attached by the plaintiffs, on which they claimed a privilege as vendors—*Held :* That the plaintiffs cannot recover unless they show a breach of the condition of the bond ; and they cannot show a breach of the condition, unless they show a judgment against them.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *Emerson & Huntington*, for plaintiffs and appellants. *Bonford, Singleton & Clack*, for appellees.

LAND, J. This is a proceeding on a rule against Seaman, Peck & Co. and their sureties, on a bond given by them for the release of certain property attached at the suit of the plaintiffs, to make them liable for the amount of the judgment obtained against the defendant.

The plaintiffs commenced suit against the defendant by attachment, and caused certain merchandise to be seized, as his property, under the writ.

Thereupon Seaman, Peck & Co. intervened in the suit, and claimed to be the vendors of the goods attached, and prayed that the sale to the defendant be annulled, and the goods returned to them, or that they be decreed to have the vendor's privilege upon the proceeds, for the unpaid price, and a preference over the plaintiffs.

They also made application to bond the goods attached, and on a rule taken and tried contradictorily with the plaintiffs, the intervenors were

YALE & CO.
v.
HOOPES & CO.

permitted to bond them, upon the condition expressly mentioned in the rule on the plaintiffs, that is to say, to pay and satisfy whatever judgment might be rendered against them, on the trial of the suit.

The plaintiffs proceeded to try the main action and to obtain judgment against the defendant, regardless of the intervention of Seaman, Peck & Co.; and afterwards filed an exception to the intervention, and caused it to be dismissed, on the ground that an intervention could not be heard and tried after the trial of the main action between the original parties. See 12 An. 460.

The only question in the case is, whether Seaman, Peck & Co. and their sureties can be made liable on their bond for the amount of the judgment rendered in favor of the plaintiffs against the defendant P. Hoops & Co.

The condition of the bond is in these words: The condition of which is such, that if the said intervenors shall satisfy such judgment as may be rendered against them (intervenors) in the suit pending as above mentioned, then this obligation to be void, or else to remain in full force.

The bond was taken by the Sheriff in pursuance of an order of court, which determined the condition of the bond before its execution by the intervenors.

This order of court, which has never been disturbed, and is now in full force and effect as between the parties to it, concludes the plaintiffs from questioning the sufficiency of the bond, and the liability of the intervenors, beyond its express condition.

The plaintiffs cannot recover unless they show a breach of the condition of the bond; and they cannot show a breach of the condition, unless they show a judgment in their favor against the intervenors, either for the return of the goods, or the payment of their value, in satisfaction of the judgment against the defendant. They have no such judgment against the intervenors, and cannot recover on the bond.

The judgment of dismissal was only one of nonsuit, and decided nothing, on the merits, as between plaintiffs and intervenors.

The plaintiffs may yet have the question of their right to the proceeds of the goods attached, determined in a suit instituted for that purpose against Seaman, Peck & Co.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs.

VOORHIES, J., absent.