17  79
48  705

W. H. LETCHFORD & Co. *v.* JACOBS; HARRISON et als., Intervenors.

Where parties are not shown to have been in actual or constructive possession, *as owners*, of the property at the time it was attached, they have not the right to bond it.
The intervention may stand, although the motion to bond by the intervenors be dismissed. `

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Benjamin, Bradford & Finney* for plaintiffs. *Carleton Hunt, curator ad hoc,* for defendant.

*Durant & Hornor for Intervenors and appellants.*—The plaintiffs, a commercial firm in New Orleans, brought suit by attachment against H. Jacobs, a resident of Mississippi, on a promissory note of $1,078 98.

A quantity of merchandise was attached in the hands of Thomas McKenna, a warehouseman.

George P. Harrison intervened, claiming the goods attached, in consequence of a deed of trust executed in his favor, in New Orleans, on the 17th August, 1860, by the defendant Jacobs, to secure certain commercial firms in New York, for certain amounts due them by the said Jacobs, and to protect them against the seizure of goods they had sold him by his old creditors; that, subsequently, the intervenor took actual possession of said goods before the attachment.

After this, certain creditors residing in New York intervened, alleging themselves to be the vendors of a portion of the goods attached, and claiming the same under the legal right of stoppage *in transitu.*

The intervenor Harrison, and the creditors aforesaid, then took a rule upon all parties, calling on them to show cause why they should not be allowed to bond.

This rule was tried on the face of the papers, and judgment given that they showed no cause of action in favor of the petitioners in intervention, on three grounds :

1. As to the creditors: " That, to authorize the stoppage *in transitu,* the insolvency of the purchaser must have occurred *subsequent* to the sale of the goods, and that this defendant was insolvent before the purchase."

2. "That the delivery to the defendant's agent is delivery to his principal."

3. With regard to Harrison, the trustee : "That the trusteeship, by which the agent seeks to take possession of the property, is a title not recognized by our law."

The contract of sale having been made, and the goods sold to Jacobs on a credit, in New York (a State where the common law prevails), the right of stoppage *in transitu* existed in favor of the vendors. "It is a privilege allowed to the seller for the particular purpose of protecting him against the insolvency of the consignee." The Constantia, 6, C. Rob. p. 326.

"To enable the vendor to exercise this right, the goods must be unpaid for, the vendee must be insolvent, and the goods must be in transit." Story on Sales, ? 326. Abbott on Shipping (Boston, 1846,) p. 614.

That the goods were sold and shipped on credit is apparent from the face of the papers, and is nowhere denied.

It is in the same way apparent, and also not denied, that Jacobs was insolvent. But, it is pretended that, in this case, Jacobs was insolvent at the time of his purchases in New York, and that it is only in cases where the insolvency occurs after the purchase that the right of stoppage exists.

This illegal doctrine would leave without remedy a creditor who had, at the time of sale, been deceived as to his debtor's real condition : there is no foundation whatever for it in law. It has, indeed, been said that "it seems that the vendor is not entitled to the right of stoppage *in transitu, if at the time of the sale* he knew the debtor to be insolvent. See· *Buckley* v. *Furness* (erroneously quoted in the above edition of Abbott, in note on p. 614, as 17 Wendell, 504) in 15th Wendell, p. 143, where the court said : "Still, it may be, and probably is, true that, if the plaintiff sold the iron with a full knowledge of the situation of the vendee, he could not afterwards exercise the right of stoppage *in trausitu;* but the argument is not borne out by the facts of the case. The truth is, no doubt, that the plaintiff was deceived by the false representations of Titus, and the credit was fraudulently obtained. There is, then, nothing in this branch of the argument which militates against the right of the plaintiff to re-take the goods.

So in the case at bar, it is expressly alleged, and the allegations are to be taken as true, by the intervenors, that the creditors were ignorant of Jacobs's insolvency, and that he purposely concealed from them the circumstance of his indebtedness on prior claims, to other creditors.

The only other point to be considered is whether the goods were *in transitu.* The vendors lived in New York, the vendee in Brookhaven, Mississippi, and the goods were to be sent from the former point to the latter ; they came by the way of New Orleans, and were seized in the warehouse of McKenna, who was merely a middleman and not such an agent for the receipt of the goods as would make his receipt such a delivery as to terminate the *transitus.* All the authorities are clear on this point. See the case of *Buckley* v. *Furness,* 15 Wendell, 143, 17; do. 504.

If it be contended that there was a delivery at New Orleans, to Harrison, the trustee, the reply is, he was the agent of the vendors and not of the vendee.

The only question left is as to the validity of the deed of trust. Nothing in our law prohibits a Mississippi debtor from transferring to the agent of his creditors goods bought by him, unpaid for and then in *transitu;* for, as the creditors had a right to stop them, so the debtor had a right to deliver them; after this delivery the debtor, Jacobs, had no control of the goods, and therefore the plaintiff, an old creditor, could not attach them.

HOWELL, J. Plaintiffs, residents of New Orleans, brought suit against defendant, residing in Brookhaven, Mississippi, and attached property in the hands of a garnishee, who answered that he had in his warehouse several packages of merchandise belonging to defendant, which was taken into the possession of the sheriff.

Subsequently, one George P. Harrison intervened, claiming said goods by virtue of a deed of trust, executed in this city, and alleged to be duly

recorded in Mississippi, by which defendant sold to intervenor, in trust, to secure debts due certain named creditors in New York and New Orleans, all the goods and fixtures in his store in Brookhaven, and all goods then in transit between New York, New Orleans and Brookhaven.

Several of said creditors in New York also intervened as vendors, setting up said deed of trust, and asked judgment for their respective claims, to be paid out of the proceeds of the property attached.

The intervenors, claiming the goods as trustee and as vendors, with the right of stoppage *in transitu,* then took a rule on the plaintiffs, the defendant and the sheriff, to show cause why they should not be allowed to bond said property in conformity to law.

On this rule jugdment was rendered, dismissing *the interventions* and the rule, from which defendants have taken a devolutive appeal.

In the case of *Hughes* v. *Klingender,* 14 A. 52, it is said: "The law confers upon the *defendant only* the right to set aside the attachment by giving bond. C. P. 259 ; Acts 1852, p. 165. It is not conferred on the creditors.

"It is true the courts have allowed, under an equitable construction of the Article, an intervenor, having possession and claiming to be owner to bond, in order to avoid the great injury which third persons might suffer by the unjust seizure of their property."

The intervenors in this case have not brought themselves within the application of this equitable construction of this Article of the Code of Practice.

They are not shown to have been in actual or constructive possession, *as owners* of the property, at the time it was attached. The one claimed simply as trustee, for the purpose of paying the creditors, and not as real owner. The others claimed as vendors, with the right of stoppage *in transitu,* which, when exercised, does not operate to rescind the contract of sale, but only enables him to enforce his lien.

They are, then, without the right to bond; but there is error in the judgment in dismissing the interventions on a motion to bond. The intervenors may be able to establish their rights, if any they have.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be reversed, so far as it dismisses the interventions herein, and that this cause be remanded to be proceeded in according to law, the appellees paying the costs of appeal, and appellants the costs of the proceedings in the lower court, on the rule to bond the property attached.