[Decided January 28, 1887.]

## CHARLES LANGERT *v.* J. FRANK BROWN AND WARD, HEATHCOTE, AND COMPANY.

1. ATTACHMENT — CHATTEL MORTGAGE — INTERVENTION OF MORTGAGEE. — The owner of a mortgage has a right to intervene in a suit in which the mortgagor is a party defendant, and in which the mortgaged property has been levied on under an attachment, for the purpose of having the mortgage lien declared prior to that of the attachment, and in order to have the property attached subjected to the payment of the mortgage debt. The California and Louisiana decisions followed.

2. CHATTEL MORTGAGE — VALIDITY — CHANGE OF POSSESSION. — A mortgage of a stock of liquors which allows the mortgaged property to be re-

tained by the mortgagor, and sold by him at retail,. for the sole purpose of applying the proceeds to the payment of the mortgage debt, is valid as against the creditors of the mortgagor.

ERROR to the District Court holding terms at Olympia. Second District

On September 18, 1885, plaintiff Langert sued defendant Brown on an account, and attached a certain lot of liquors then in his possession. On September 21, 1885, Ward, Heathcote, & Co. applied to the court for leave to intervene in said action as mortgagees of the property attached. Leave being granted, Ward, Heathcote, & Co. filed their petition of intervention for a foreclosure of their mortgage, praying the court for a decree that the mortgage lien be adjudged prior to the attachment lien of plaintiff Langert. By the petition of intervention, it appeared that on September 5, 1885, defendant Brown, being indebted to Ward, Heathcote, & Co., made his promissory note for $1,117.98, and to secure payment of the same executed a chattel mortgage upon his stock of liquors, being the same property attached by plaintiff. By the terms of the mortgage, the mortgagor was to remain in possession of the property, to sell the same, and to apply the proceeds for the extinction of the mortgage debt. In pursuance of this stipulation, the mortgagor remained in possession until the plaintiff Langert attached the same as above stated. The petition further stated that they had demanded possession of the goods of the sheriff, and that possession was refused, and that the sheriff claimed to hold possession under the writ of attachment. To this petition plaintiff in error demurred, because the same did not state facts sufficient to constitute a cause of action, nor facts sufficient to give the intervenors any prior right or lien to the property attached. The demurrer was overruled, and judgment rendered in favor of the intervenors as prayed for. Plaintiff Langert appealed.

*Mr. J. P. Judson,* for Plaintiff in Error.

A person may intervene who has an interest in the matter in litigation, in the success of either party, or an interest against both. (Code, sec. 23.) The interest disclosed by the intervenors in their bill is that of mortgagees of the chattels attached. The matter in litigation is the account sued on. In this account they claim no interest. They claim a lien on the property attached. But the judgment cannot affect the title to this property. The property is not in litigation. The interest of the debtor after being attached is held as security for the payment of any judgment which plaintiff may obtain. If the mortgagor has no interest, then nothing is held. (Code, sec. 174.) Conceding the validity of the mortgage, the mortgagees cannot prevent the sale of the mortgagor's interest in the mortgaged property while he is in possession. (Code, sec. 1990.) Having no interest in the subject-matter of the action, and no claim or lien upon the interest of the mortgagor attached, they should not be permitted to intervene. (Olney's Cal. Code Civ. Proc., sec. 387; *Horn* v. *Volcano Water Co.,* 13 Cal. 62; *Stich* v. *Goldner,* 38 Cal. 608; *Kelsey* v. *Murry,* 28 How. Pr. 243.)

The mortgagees should not have been allowed to intervene, for doing so deprived plaintiff of a jury trial, and changed the action brought to a suit in equity. (*Brown* v. *Saul,* 16 Am. Dec. 180.) The statute gave the intervenors a complete remedy at law,— one which preserved to plaintiff the right to have his case tried by a jury. (Code, sec. 350.) The bill of intervention on its face shows that mortgage was void as to attaching creditors. By the terms of the mortgage, the mortgagor was to remain in possession and continue the saloon business until possession was demanded, and he was to pay to the mortgagees the net profits of the business until the mortgage debt

was paid. From the sales made, cost of fuel, rent, labor, and expense of mortgagor's living was to be deducted, and if anything was left, it was to be paid to the mortgagees. It is evident that this mortgage was not intended as security. Its object was to hinder, delay, and defraud creditors, and it is therefore void. (*Robinson* v. *Elliott,* 22 Wall. 513.)

*Messrs. Brown & Reed,* for Ward, Heathcote, & Co., Intervenors and Defendants in Error.

The mortgage provides for an accounting by the mortgagor to mortgagees, and is good as to subsequent attaching creditors. (*Winebergh* v. *Shier,* 2 Wash. 328; *Robinson* v. *Elliott,* 22 Wall. 513; *Abbott* v. *Goodwin,* 20 Me. 408; *Crackett* v. *Harvey,* 91 N. Y. 214; Jones on Chattel Mortgages, secs. 416–425.) The intervenors' complaint states facts sufficient to constitute a cause of action against the plaintiff in error. It sets up the mortgage lien on the goods, the attachment, and that possession is refused. (*Candless* v. *Moore,* 50 Mo. 511.) It matters not whether the intervenors could pursue other remedies, or that he may protect his interest in some other manner, if he has any interest in the matter in litigation, or in the success of either party, he is entitled to intervene. (Code, sec. 23; *Davis* v. *Eppinger,* 18 Cal. 381; *Coffey* v. *Greenfield,* 55 Cal. 383; *Marsh* v. *Green,* 79 Ill. 387; *Taylor* v. *Adair,* 22 Iowa, 282.) The defendants in error had a right to intervene. They had a valid lien on the goods; an attachment was issued, and the goods were taken from the possession of the agent. Their lien was in danger of being submerged and destroyed by the attachment proceedings. Their interest was therefore against the plaintiff in error. (Code, sec. 23; *Brown* v. *Saul,* 16 Am. Dec. 182; Pomeroy's Remedies and Remedial Rights, sec. 429, and note, sec. 430, and authorities cited.)

Mr. Justice TURNER delivered the opinion of the court.

The first question presented in this case concerns the rights of a mortgage creditor to intervene in a suit in which the mortgagor is a party defendant, and in which the mortgaged property has been levied on under an attachment, for the purpose of having the mortgage lien declared prior to that of the attachment, and for the purpose of having the property attached subjected to the payment of the mortgage debt. Our statute of intervention was copied from that of California, and is identical in terms with the latter. The courts of that state sustain the right of a lien creditor to intervene in cases like that stated. (*Davis* v. *Eppinger,* 18 Cal. 379; *Speyer* v. *Ihmels,* 21 Cal. 281.) The same rule prevails in Louisiana, from which state California borrowed its system of intervention. (See cases cited in note to section 429, Pomeroy's Remedies and Remedial Rights, 473.) Iowa is the only one of the other states which has adopted a similar statute of intervention. We are not aware of any decision in that state on the precise question here involved. Without attempting to argue the question on principle, we are of opinion that we should follow the California and Louisiana décisions.

The only other question presented in the case is, whether a mortgage of a stock of liquors is valid as against creditors, which allows the stock to be retained by the mortgagor, and sold by him at retail for the sole purpose of applying the proceeds to the payment of the mortgage debt. We regret that we are called to decide this question here, because the case was submitted without argument; and on examination of the briefs filed, we find the citation of authorities not so full as the importance of the question would warrant. We are content, however, after such an examination as our time and opportunities have permitted, to hold that such a mortgage is valid as against creditors. The strong intimation to this effect by the Supreme Court of the United States, in

a case where the statutes were similar to ours, would turn the scale in favor of the mortgage if doubt existed after consideration of the decisions of the state courts. (*Robinson* v. *Elliott*, 22 Wall. 513; *Abbott* v. *Goodwin*, 20 Me. 408; *Crockett* v. *Harney*, 91 N. Y. 214; Jones on Chattel Mortgages, secs. 416–425.)

The judgment of the lower court is affirmed.

GREENE, C. J., and LANGFORD, J., concurred.