[L. A. No. 748.  Department Two.—December 22, 1900.]

## B. H. DENNIS, Appellant, *v.* H. KOLM et al., Respondents. BERTHA KOLM, Intervenor, Respondent.

<div style="float:right">131  91<br>135  11</div>

ACTION FOR GOODS SOLD TO PARTNERSHIP—ATTACHMENT—ADVERSE CLAIMANT OF ATTACHED FUND—INTERVENTION.—In an action for goods, wares, and merchandise sold to a firm, where money in the hands of a third person was attached as the property of one of the defendants alleged to be a member of the firm, a sister of such defendant, who claimed the money attached as the proceeds of a note and mortgage assigned to her by such defendant, and who alleged that the note, mortgage, and money never belonged to the firm, and that she was the owner thereof, has the right to intervene to defend her interest in the money so attached as against the plaintiff.

ID.—ISSUE AS TO PARTNERSHIP—PRIMA FACIE CASE—PRACTICE OF COURT—EVIDENCE—DECLARATIONS AND ACTS OF COPARTNERS.—Upon the trial by jury of an issue as to whether the defendant under whom the intervenor claimed the money attached was a member of the firm, it is the duty of the court to determine whether there is *prima facie* evidence that he was a partner therein, and if a *prima facie* case is established, the admissions, declarations, and acts of the other partners in the course of the partnership business are admissible against him, upon the theory that he was a partner; and it is error, in such case, to exclude them upon the contrary theory.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

Dillon & Dunning, for Appellant.

McKeeby & McKeeby, and L. C. Whitney, for Respondent.

COOPER, C.—This action was brought to recover for goods, wares, and merchandise, alleged to have been sold to the defendants as copartners under the firm name of "Kolm Bros." One Perkins had in his hands about eight hundred and seventy dollars, which plaintiff claimed to be the money of H. Kolm, who was alleged to be one of the partners.

Plaintiff had the eight hundred and seventy dollars attached in this action as the property of H. Kolm. Bertha Kolm, a sister, filed a complaint in intervention in which she denied that the money so attached was the property of H. Kolm or of "Kolm Bros.," and alleged that the same was her property, and asked that she be adjudged to be the owner thereof. A demurrer was interposed by plaintiff to the complaint in intervention, overruled, and plaintiff filed an answer to said complaint. The respondent H. Kolm filed an answer to the complaint of plaintiff, in which, among other things, he denied that he ever was, at any time, a member of the firm of "Kolm Bros.," or that he was in any way indebted to the plaintiff. The case was tried before a jury, and verdicts rendered for the respondent H. Kolm and the intervenor Bertha Kolm. Upon these verdicts judgment was entered. This appeal is from the judgment and an order denying plaintiff's motion for a new trial.

It is claimed that the court erred in overruling the demurrer to the complaint in intervention, for the reason that the said complaint does not state facts showing that the intervenor has any interest in the matter in controversy, or that the decision would in any way affect her rights It is provided in the Code of Civil Procedure, section 387: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the par-

ties, or an interest against both." In this case the intervenor claimed the money in the hands of Perkins, as the proceeds of a note and mortgage that had been assigned to her by respondent H. Kolm. She alleged that "Kolm Bros." were at no time the owners of said note or mortgage or of the money in the hands of Perkins, but that she was the owner of the same.

If she could show that H. Kolm was not one of the copartners of the firm of "Kolm Bros.," then he was not indebted to plaintiff. If plaintiff was not a creditor of H. Kolm at any time, then he could not attack the transfer of the note and mortgage made by H. Kolm to the intervenor. We think the intervenor had such interest as would entitle her to intervene under the statute. It was said by this court in *Coffey v. Greenfield*, 55 Cal. 382, in speaking of the interest which entitles a party to intervene: "And the code does not attempt to specify, what or how great this interest shall be, in order to give a right to intervene. Any interest is sufficient. The fact that the intervenor may or may not protect his interest in some other way is not material. If he 'has an interest in the matter in litigation or in the success of either of the parties' he has a right to intervene." The provisions of our statute are taken substantially from the Code of Procedure of Louisiana, and the practice in that state is to allow a party to intervene whose property has been seized or attached in the suit. (Pomeroy on Remedies and Remedial Rights, sec. 427, p. 464, note 2; *Field v. Harrison*, 20 La. Ann. 411; *Yale v. Hoopes*, 16 La. Ann. 311; *Letchford v. Jacobs*, 17 La. Ann. 79.)

Plaintiff claims that the court erred in sustaining objections made by respondents to several questions tending to prove declarations made by F. Kolm and T. E. Kolm as to the partnership affairs, who composed the firm, the amount of the investments of each of the brothers in the business, as to the object of respondent H. Kolm in disposing of the note and mortgage to respondent Bertha Kolm. The above statement shows generally the nature of the offered evidence, and it will not be necessary to consider the questions and rulings separately.

The court, after several questions were asked tending to show the above matters, in sustaining objections to the questions, said: "I don't care to hear any authorities upon the proposition

that one man can, by any declaration of his, bind another, except he be present and hear it, as to the relation between them. I said yesterday that this is a case of trial by jury, in which they determine all questions of fact. It is not within the province or power of this court to say whether any *prima facie* case or any other case is made out. The objection is sustained."

The court erred in excluding the offered evidence. It was one of the main points at issue as to whether or not H. Kolm was one of the partners of the firm of "Kolm Bros." It was also material to determine the issue as to the ownership of the note and mortgage which H. Kolm claims to have sold to his sister Bertha.

After a *prima facie* case as to partnership is made, the admissions and conduct of the several partners in the course of the partnership business are admissible as against the others. (1 Greenleaf on Evidence, sec. 177; Collyer's Law of Partnership, sec. 775; 1 Lindley on Partnership, 2d ed., 128, note 2.) And in a trial before a jury it is incumbent on the judge to determine the question whether there is *prima facie* evidence of a partnership. (*Hilton v. McDowell*, 87 N. C. 364; *Bryce v. Joynt*, 63 Cal. 378.[1]) The ultimate facts in such cases should be determined by the jury upon proper instructions from the court, but the *prima facie* showing of a partnership having been made, the court should admit all evidence that is admissible upon the theory that the partnership has been fully proven. Any other rule would deprive a party of very material testimony. In this case, for instance, if the jury had concluded that a partnership existed, and that H. Kolm was a member of the said partnership, it would not have had before it any of the evidence that was offered upon the theory that he was such partner. The exclusion of the evidence was upon the theory that H. Kolm was never a partner of "Kolm Bros." If the jury had found such copartnership, then the evidence was admissible. In order for it to be admitted the case would have to be retried. There was ample evidence to show *prima facie* that H. Kolm was a partner of "Kolm Bros." He was in the store, and was in and about the business, conducting and managing it apparently as the other brothers. Before the

[1] 49 Am. Rep. 94.

business was opened in Los Angeles the witness Linehan testified that H. Kolm told her "that he was going to invest some money and look around and start in business here in Los Angeles."

The witness Jappa testified that H. Kolm told him that "he had more money invested in the business than his brothers." The witness Stelinski testified that after the "Kolm Bros." had closed their store in Los Angeles, he was present at a store in Chicago being opened by "H. Kolm," and witness saw goods marked very low, and some of the cases had "Los Angeles" written upon them which appeared to be obliterated and witness said to H. Kolm, "Have you stolen those goods or found them because you can sell them so cheap?" Kolm answered: "We had a store in Los Angeles, we brothers, but we couldn't agree, . . . . after disposing of what we could the balance was shipped to Chicago, . . . . he said they were three in partnership; . . . . he said the Jews swindled enough, and it is not more than right that we should do the same or swindle them."

In a letter written at Chicago, August 22, 1897, to his sister the intervenor, H. Kolm, said: "Now, we are already through with the business and live again on Fry street here. Each goes his own way whence he came. Theodore will soon be west again, Ferdinand again at Moody's school and I am out working at present. . . . . We cannot think of such a thing as to conduct a business in partnership again." There are other circumstances and admissions, but the above is sufficient. It was the duty of the court to determine whether or not a *prima facie* case showing H. Kolm to have been a partner was established. Such *prima facie* case was established. The offered evidence was admissible upon the theory that H. Kolm was a partner.

We advise that the judgment and order be reversed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Henshaw, J., Temple, J.