[S. F. No. 1844.   Department Two.—December 5, 1901.]

## JOSHUA HENDY MACHINE WORKS, Respondent, v. THOMAS B. DILLON, Respondent.   A. T. EAGAR, Intervener, Appellant.

REPLEVIN—INTERVENTION.—A third party, claiming the right to the same property which is sought to be recovered in an action of replevin, and whose title is pleaded in the answer of the defendant, who denies the title of the plaintiff, and avers his willingness to surrender the property to the owner thereof, may intervene and set forth his title and right of possession in opposition to that of the plaintiff, and seek judgment against the defendant for possession of the property.

ID.—SUFFICIENCY OF COMPLAINT IN INTERVENTION.—The complaint in intervention, however styled by the pleader, is sufficient if it sets forth facts which, if true, would defeat the right of the plaintiff to recover, and authorize the recovery of the possession of the property by the intervener.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion.

Alexander & Gardner, for Intervener, Appellant.

The appellant was entitled to intervene. (Code Civ. Proc., sec. 387; Pomeroy on Remedies, secs. 426-428, 430, 431; *Taylor* v. *Adair,* 22 Iowa, 279, 281; *Moss* v. *Warren,* 10 Cal. 296; *Stitch* v. *Goldner,* 38 Cal. 603; *Coburn* v. *Smart,* 53 Cal. 742; *Coffee* v. *Greenfield,* 55 Cal. 383; *Martin* v. *Thompson,* 63 Cal. 3, 4; *Longborough* v. *McNevin,* 74 Cal. 250;[1] *Robinson* v. *Crescent Mill & T. Co.,* 93 Cal. 310; *Kimball* v. *Richardson,* 111 Cal. 397.) The fact that the complaint in intervention was also styled a "cross-complaint" is immaterial. It is not what a pleading is called which determines its character, but the facts which it sets up. (*Gregory* v. *Bovier,* 77 Cal. 124; *Holmes* v. *Richet,* 56 Cal. 311;[2] *Mills* v. *Fletcher,* 100 Cal. 148.)

Gordon & Young, for Joshua Hendy Machine Works, Respondent.

The complaint in intervention, styled a "cross-complaint," was properly stricken out, as not conforming to the code provision for a cross-complaint. (Code Civ. Proc., sec. 442.) The complaint shows no interest in the matter in litigation to warrant an intervention. (Code Civ. Proc., sec. 387; *Porter* v. *Garrissimo,* 51 Cal. 559; *Horn* v. *Volcano etc. Co.,* 13 Cal. 69.[3])

G. Gunzendorfer, for Thomas B. Dillon, Respondent.

COOPER, C.—This action was brought by plaintiff to recover the possession of the personal property described in the complaint from defendant, Dillon. Plaintiff alleged that he was, on the thirtieth day of July, 1898, and ever since has been, the owner and entitled to the possession of the property. Defendant, Dillon, in his answer, denied that plaintiff was, on the day named, or at any other time, the owner or entitled to the possession of the property. Defendant, Dillon, further alleged affirmatively that he was in possession of the property,

[1] 5 Am. St. Rep. 435.          [3] 73 Am. Dec. 569.
[2] 38 Am. Rep. 54.

and upon information and belief alleged that appellant, Eagar, was the owner of the property at the times set forth in the complaint. The defendant, Dillon, further alleged that he was ready and willing to surrender up possession of said property to the owner thereof, and, among other things, asked the court to award the property to the party entitled thereto.

The appellant, Eagar, by leave of court, filed an amended complaint in intervention, in which, after denying plaintiff's title, he alleged that he was the owner of the said property and entitled to the exclusive possession thereof, and asked for judgment awarding him the possession of the property. Thereafter, upon plaintiff's motion, the court made an order striking the appellant's complaint in intervention from the files, upon the ground that he did not have any interest in the matter in litigation, nor in the success of either of the parties, nor an interest against both. This appeal is from the judgment, for the purpose of reviewing the order so made. We think the court erred in striking out the complaint in intervention. No matter what the pleader called it, it contained facts which, if true, would have defeated the right of plaintiff to recover and authorized the recovery of the possession of the property by the appellant. It showed that appellant had an interest in the matter in litigation. He was seeking the recovery of the possession of the same property that plaintiff had brought his action to recover. The appellant was entitled to intervene. (*Martin* v. *Thompson,* 63 Cal. 4; *Dennis* v. *Kolm,* 131 Cal. 93.)

The judgment should be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.                    Henshaw, J., McFarland, J., Temple, J.