[Civ. No. 4146. First Appellate District, Division One.—January 20, 1922.]

GEO. A. CARTER, Appellant, v. RAY A. GARETSON, Defendant; JOSEPHINE GARETSON, Intervener and Respondent.

[1] INTERVENTION—ACTION FOR DEBT—ATTACHMENT OF PROPERTY OF THIRD PARTY.—A claimant to real property which has been attached in an action between two other persons to recover upon an indebtedness in which action the claimant of the property has no interest has the right to intervene in defense of his property against the attachment.

[2] ACTION ON PROMISSORY NOTE—ATTACHMENT OF PROPERTY OF WIFE OF MAKER—EVIDENCE—FINDINGS—SEPARATE PROPERTY OF INTERVENER.—In this action to recover on a promissory note wherein the wife of the defendant intervened, claiming that the real property attached was her separate property, the evidence was sufficient to establish the intervener's right to the property.

[3] VENDOR'S LIEN—SECURITY FOR PRICE—WAIVER.—A vendor's lien on real property can only persist for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer, and where the buyer's promissory note for the balance of the price is secured by corporation stock, the partial inadequacy or final worthlessness of such security cannot militate against the fact that the acceptance and receipt of it by the vendor works a waiver of his vendor's lien.

APPEAL from a judgment of the Superior Court of Imperial County. Phil D. Swing, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. L. Brown for Appellant.

J. T. Reed for Intervener and Respondent.

RICHARDS, J.—The plaintiff in this action brought suit against the defendant Ray A. Garetson to recover upon a promissory note for the sum of three thousand five hundred dollars, together with interest and counsel fees, and in said action caused an attachment to be issued and levied upon

---

1. Right of claimant to attached property to intervene, note, 18 **Ann. Cas.** 594.

certain real estate. The defendant appeared and answered, admitting all of the allegations of the complaint except the allegation with respect to counsel fees, the demand for which the defendant in his said answer asserted to be exorbitant. Thereafter Josephine Garetson, the wife of said defendant, filed, by leave of court, a complaint in intervention, wherein she alleged that she was the owner of the real estate upon which said attachment had been levied and that same was her sole and separate property and estate; and further alleged that prior to said attachment she had filed a declaration of homestead upon said property by virtue of which it had been exempted from attachment and execution under the laws of the state of California. To this complaint in intervention the plaintiff in the action filed an answer, wherein he denied that the said property so attached, or any portion thereof, was the sole or separate property of the intervener, but alleged that at all times it was the community property of defendant and intervener; and further denied that by virtue of the filing of said or any declaration of homestead the said property was exempt. The cause went to trial upon the issues as thus presented, whereupon the evidence developed substantially the following facts:

The defendant and the intervener intermarried in the year 1912, at which time the father of the intervener had caused to be executed and delivered to herself and her husband a deed to said property in the city of San Diego as a wedding gift, which property they had continued to own until some time in the early part of the year 1917, when they met the plaintiff, who at the time was the owner of an interest under the Desert Land Act in the property in question in the present action. Negotiations began between the plaintiff and the defendant and his wife, the intervener, for an exchange of properties, by the terms of which the latter were to convey to the former their San Diego holdings in return for such a relinquishment by the plaintiff of his said desert land entry as would enable a new filing to be made thereon under said act. The intervener testified that at the time such negotiations were pending an oral agreement had been entered into between her husband and herself to the effect that in consideration of her consenting to convey her interest in the San Diego property to the plaintiff she was to have and receive the plaintiff's relinquishment to the Imperial County

lands transferred to her, and that she was to have the right to make the entry upon the said lands under the Desert Land Act in her own name and was to be entitled to have the patent thereto issued to her and was to have and hold the title to said lands as her sole and separate property and estate. She also testified that this oral agreement between her husband and herself was fully carried into effect and that in consequence thereof she had become the patentee and owner of said lands as her separate property and had ever since held and owned the same as such. The intervener's husband also testified to the same state of facts and also testified that at the time of the transaction with the plaintiff it was agreed as between himself and the said plaintiff that he should execute to the latter his promissory note for the sum of three thousand five hundred dollars as a portion of the purchase price of the plaintiff's interest in said desert land entry, which note was to be secured by certain corporate stock; that he had executed said note with such security but had been unable to pay the same and that it was the note upon which this suit had been brought. The plaintiff on his part testified that he had no knowledge or part in the alleged oral agreement as to the title to be acquired by her as separate property to the Imperial County land, and supposed that the title to said lands would be taken in defendant's name and that later he would be given a mortgage as security for the balance of its purchase price as represented in said note; which mortgage, however, had never been given. Upon the testimony of the respective parties as thus presented the court filed its findings of fact and conclusions of law, wherein it found as to the plaintiff's cause of action against the defendant upon said promissory note that the plaintiff was entitled to judgment against said defendant for the full amount due thereon, with interest and counsel fees, but as to the intervener's cause of action as embraced in her complaint in intervention, she was entitled to judgment that she was the owner of the property described therein as her sole and separate estate, free and clear of said attachment lien. In so finding the trial court sustained the oral agreement between defendant and intervener as having been entered into and fully executed in good faith on the part of said intervener and without any intent on her part or on the part of said defendant to hinder,

delay, or defraud latter's creditors. The court also found
that the homestead referred to in the intervener's complaint
in intervention had been duly filed for record and that all
of the allegations of the complaint in intervention in respect
to the same were true. Judgment was accordingly entered in
the intervener's favor upon her complaint in intervention
and from such judgment the plaintiff has prosecuted this
appeal.

[1] The first contention of the appellant here is that the
trial court was in error in permitting Josephine Garetson
to file her complaint in intervention in this action, for the
reason that a claimant to property which has been attached
in an action between two other persons to recover upon an
indebtedness in which action the claimant of the property
attached has no interest has, under the provisions of the
Code of Civil Procedure of this state relating to inter-
vention, no right to intervene. The appellant, with a fair-
ness which is quite unusual, has cited the court to a long
line of cases in this and other jurisdictions upholding the
right of a third party to intervene in an action wherein the
title to property of which he claims to be the owner is in
danger of being injuriously affected by the proceedings in
said action, the purpose of his intervention being that of
preventing a cloud upon his title to said property. The
cases referred to and commented upon by the appellant are
*Horn* v. *Volcano Water Co.*, 13 Cal. 62 [73 Am. Dec. 569],
*Speyer* v. *Ihmels*, 21 Cal. 281 [81 Am. Dec. 157], *Coffey* v.
*Greenfield*, 55 Cal. 382, *Kimball* v. *Richardson*, 111 Cal. 386
[43 Pac. 1111], and *Dennis* v. *Kolm*, 131 Cal. 91 [63 Pac.
141]. The distinction which the appellant seeks to draw
between the foregoing cases and the case at bar is that in
each of the earlier of such cases the action was one directly
involving the property of which the intervener claimed to
be the owner. The language of the court in such earlier
cases does not, however, preserve this distinction, while in
the last case above cited it would seem to have been entirely
lost, since the court in that case held that a claimant of a
sum of money which had been attached in an action to
which she was not a party had a right to intervene for the
purpose of protecting her interest in said fund against
attachment. (*Dennis* v. *Kolm, supra.*) In so deciding the
court refers to the cases decided by the courts of Louisiana

applying the right of intervention as given by the Code of Procedure of that state, from which the provisions of our own code relating to intervention were substantially taken, in which cases the right of a party whose property has been seized or attached in a suit between other parties to intervene for the protection of his interest in said property as against such attachment has been uniformly upheld. (*Yale* v. *Hoopes,* 16 La. Ann. 311; *Letchford* v. *Jacobs,* 17 La. Ann. 79; *Field* v. *Harrison,* 20 La. Ann. 411.) In line with these authorities it appears that in those states whose statutes upon the subject of intervention have embodied the provisions of the Code of Civil Procedure of California, the same rule has been applied. In the case of *Moreland* v. *Monarch M. & M. Co.,* 55 Mont. 419 [178 Pac. 175], it was decided, after a very full review of the decisions of the courts of California and other states upon the subject, that the owner of property attached in an action for debt between two other parties had a right to intervene in defense of his property against such attachment. The same rule has been enunciated by the courts of Idaho, Utah, and Washington. (*Potlatch L. Co.* v. *Runkel,* 16 Idaho, 192 [18 Ann. Cas. 591, 23 L. R. A. (N. S.) 536, 101 Pac. 396]; *Houston etc. Co.* v. *Hechler,* 44 Utah, 64 [138 Pac. 1159]; *Langert* v. *Brown,* 3 Wash. Ter. 102 [13 Pac. 704]; 2 Ruling Case Law, p. 880, sec. 94.) This being the state of the law, we find no merit in the appellant's said contention.

[2] The next contention of the appellant is that the evidence was insufficient to establish the intervener's right to the property in question as her separate property; but as to those points the evidence touching the transaction between her husband and herself and also between the said parties and the appellant herein as above set forth, though conflicting, was, we think, amply sufficient to justify the findings of the court in the intervener's favor. We may not, therefore, interfere with a judgment based upon such findings. It is to be noted in this case that the plaintiff, though fully advised by the intervener's complaint in intervention, and though fully informed, as he must have been, of the source and foundation of the intervener's said claim of separate ownership to said property, not only made no attack upon said claim or its source in his answer to said complaint in intervention upon the ground of fraud, but

presented no evidence in support of said ground other than that attempted to be adduced by him in the course of cross-examination of the adverse parties. Such examination did not develop sufficient facts to support such a claim even if the state of the pleading had permitted its assertion. The court did, however, make a finding which was adverse to the plaintiff and which we think was fully sustained by the evidence in the case.

[3] Finally, the appellant contends that his action being for the recovery of a portion of the purchase price of the premises in question, as evidenced by the promissory note sued upon, he was entitled to have the priority of his vendor's lien established as superior both to the intervener's claim of separate ownership of said property and also as superior to the homestead attempted to be created by her therein. The difficulty with this contention on the part of the appellant is that a vendor's lien upon real property under section 3046 of the Civil Code can only persist ''for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer.'' The undisputed evidence in this case shows that the defendant's promissory note for the balance of the purchase price of the property in question was secured by certain shares of stock of a corporation. The partial inadequacy or final worthlessness of such security cannot militate against the fact that the acceptance and receipt of it by the plaintiff worked a waiver of his vendor's lien. (*Jones* v. *Allert*, 161 Cal. 234 [118 Pac. 794].)

For the foregoing reasons the judgment is affirmed.

Kerrigan, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 20, 1922.

All the Justices concurred except Lennon, J., and Lawlor, J., who were absent.

Richards, J., *pro tem.,* was not acting.