[L. A. No. 9144. Department Two.—February 21, 1928.]

PIETRO BONFIGLIO, Appellant, v. BELLEGRINO BONFIGLIO, Respondent; ROSA BONFIGLIO, Intervener.

Ernest M. Torchia for Appellant.

Andreani & Haines for Respondent.

Robert P. Carrey and Harold E. Prudhon for Intervener and Respondent.

· LANGDON, J.—This is an appeal by the plaintiff from that portion of the judgment entered herein which quiets the title to a certain piece of real property in the plaintiff in intervention. Plaintiff was a creditor of the defendant, and the trial court gave judgment in his favor for the amount of his debt. In the action he had attached certain real property, alleged to be the community property of defendant and his wife. The wife, by leave of court, intervened, claiming the property to be her separate property and to have been purchased with funds inherited from her father. The record title to the property was in the wife, creating a presumption in her favor, and in addition thereto her testimony and that of her husband was emphatic that she had paid the consideration for the property with money which she had brought from Italy and which she had inherited from her father. ▮ The appellant relies upon other testimony in the record which would contradict the testimony supporting the finding of the trial court, but this merely creates a conflict in the record, and under such circumstances this court is disposed to follow the trial court, which has had a better opportunity than this court to judge of the credibility of the witnesses. This disposes of the objection that the evidence does not support the findings and judgment.

▮ The other matters urged, i. e., that the court erred in permitting the filing of the complaint in intervention and that the demurrer to said complaint should have been sustained because the said complaint does not state grounds for intervention, are answered by the cases of *Carter* v. *Garetson,* 56 Cal. App. 238 [204 Pac. 1090], and *Vincent Whitney* v. *Superior Court,* 48 Cal. App. Dec. 692 [see, also, 199 Cal. 569, 250 Pac. 666], both holding that a claimant to real property which has been attached in an action between two other persons to recover upon an indebtedness

in which action the claimant of the property has no interest, has the right to intervene in defense of his property against the attachment.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.