[Sac. No. 4302. In Bank.—December 5, 1929.]

J. H. BERGHAUSER, Appellant, v. GOLDEN STATE ORCHARDS (a Corporation), Defendant; CAROLINE MOORE, Intervener and Respondent.

W. F. Williamson and R. M. Rankin for Appellant.

Ware & Ware for Respondent.

PRESTON, J.—The judgment is affirmed.

After a careful reconsideration of this cause, particularly in the light of the authorities especially urged by appellant,

we. find ourselves wholly in accord with and are pleased to adopt as the opinion of this court in bank herein, the following opinion written by Mr. Justice Plummer of the Third Appellate District, supplemented, however, by a more extended review of the authority upon which it is based:

"This action was brought by the plaintiff to recover judgment against the defendant, Golden State Orchards, a corporation, upon two promissory notes. Upon the filing of the complaint a writ of attachment was issued, by virtue of which the sheriff of the city and county of San Francisco was commanded to attach all moneys and credits due to the defendant, owing from, and in the possession of the California Packing Corporation. The defendant Golden State Orchards, a corporation, had sold and delivered to the California Packing Corporation a large quantity of dried prunes, etc., and at the time of the levy of the attachment, the California Packing Corporation had not paid the amount of the purchase price of said dried fruit. The record further shows that after the sale of said prunes and other fruits by the defendant to the California Packing Corporation, and before the beginning of this action and the service of the writ of attachment herein referred to, the defendant had sold and transferred to the intervener its claim against the California Packing Corporation for the moneys due and unpaid on account of the purchase price of said fruit. After the beginning of the action by the plaintiff and the issuance and service of the writ of attachment as just stated, the intervener Caroline Moore, sought and obtained from the court permission to intervene and set up her claim and right to the money and credits in the possession of the said California Packing Corporation. The court found in favor of the intervener to the extent of her claim, to-wit: that said intervener was the owner, of all and singular, the amount of money owing by the said California Packing Corporation on account of its purchase of dried fruits from the defendant Golden State Orchards Corporation, and that the intervener was entitled to have paid to her the whole amount of said moneys. The plaintiff demurred to the complaint in intervention, and upon his demurrer being overruled, filed an answer to the complaint in intervention and raised the question that the assignment had been made to hinder, delay and defraud creditors. The

court found against this contention, and as the cause is here upon the judgment roll alone, the finding must be taken as supported.

█ "Upon this appeal the appellant contends that under the provisions of section 387 of the Code of Civil Procedure, Caroline Moore had no legal right to intervene, and that the court erred in permitting her so to do. In support of this contention a number of cases bearing upon the right of intervention are cited to the point that the intervener must have some interest in that which is involved in the litigation, and as the suit is upon two promissory notes, the promissory notes only are involved in this·action. We do not need to review the cases cited, for the simple reason that they are not really in point in this controversy. The question presented for us to decide upon this appeal may be stated as follows: Has the claimant to property which has been attached in an action between other parties to recover· upon an indebtedness in which such claimant has no interest, a right to intervene in defense of his own claim of ownership to the property attached? Or, to state the question as presented by the record in this case—the plaintiff has sued upon two promissory notes executed by the defendant, and has attached moneys and credits in the possession of a third person, claimed by the intervener. Under such circumstances, is intervention permissible, and can the alleged owner of such credits be permitted to come in and set up such ownership? That a claimant to property attached under such circumstances has a right to intervention is no longer an open question in this state. (*Carter* v. *Garetson,* 56 Cal. App. 241, [204 Pac. 1090] ; *Bonfiglio* v. *Bonfiglio,* 203 Cal. 409 [264 Pac. 747] ; *Dennis* v. *Kolm,* 131 Cal. 91 [63 Pac. 141].) It would serve no useful purpose to encumber the record with a review of the cases just cited. We may, however, state that the question raised upon this appeal as to whether an intervention lies under the circumstances involved herein, is fully covered and completely answered in the case of *Carter* v. *Garetson, supra.* The opinion in that case cites a number of authorities from other states supporting the same rule and the cases just cited are conclusive of the question raised upon this appeal."

Appellant complains of failure of the court to recognize the distinction sought to be preserved by the parallel line of decisions (*Horn* v. *Volcano Water Co.*, 13 Cal. 62 [73 Am. Dec. 569], *Davis* v. *Eppinger,* 18 Cal. 379 [79 Am. Dec. 184], *Drumhiller* v. *Wright,* 64 Cal. App. 498 [222 Pac. 166], *Elliott* v. *Superior Court,* 168 Cal. 727 [145 Pac. 101] , and *Isaacs* v. *Jones,* 121 Cal. 257 [53 Pac. 793, 1101]), which, he contends, announce an opposite rule to that above set forth, under which the right of this claimant to intervene should be denied. Said distinction is recognized, the doctrine announced by said cases is commented upon at length and properly distinguished in *Carter* v. *Garetson, supra.* We, therefore, set forth as additional authority and further reasoning upon which to base our holding herein, the following quotation from the opinion of Mr. Justice Richards in said case (*Carter* v. *Garetson, supra,* at pp. 241, 242 of 56 Cal. App.) :

''The first contention of the appellant here is that the trial court was in error in permitting Josephine Garetson to file her complaint in intervention in this action, for the reason that a claimant to property which has been attached in an action between two other persons to recover upon an indebtedness in which action the claimant of the property attached has no interest has, under the provisions of the Code of Civil Procedure of this state relating to intervention, no right to intervene. The appellant, with a fairness which is quite unusual, has cited the court to a long line of cases in this and other jurisdictions upholding the right of a third party to intervene in an action wherein the title to property of which he claims to be the owner is in danger of being injuriously affected by the proceedings in said action, the purpose of his intervention ·being that of preventing a cloud upon his title to said property. The cases referred to and commented upon by the appellant are: *Horn* v. *Volcano Water Co.,* 13 Cal. 62 [73 Am. Dec. 569], *Speyer* v. *Ihmels,* 21 Cal. 281 [81 Am. Dec. 157] , *Coffey* v. *Greenfield,* 55 Cal. 382, *Kimball* v. *Richardson,* 111 Cal. 386 [43 Pac. 1111] , and *Dennis* v. *Kolm,* 131 Cal. 91 [63 Pac. 141]. The distinction which the appellant seeks to draw between the foregoing cases and the case at bar is that in each of the earlier of such cases the action was one directly involving the property of which the intervener

claimed to be the owner. The language of the court in such earlier cases does not, however, preserve this distinction, while in the last case above cited it would seem to have been entirely lost, since the court in that case held that a claimant of a sum of money which had been attached in an action to which she was not a party had a right to intervene for the purpose of protecting her interest in said fund against attachment (*Dennis* v. *Kolm, supra*). In so deciding the court refers to the cases decided by the courts of Louisiana applying the right of intervention as given by the Code of Procedure of that state, from which the provisions of our own code relating to intervention were substantially taken, in which cases the right of a party whose property has been seized or attached in a suit between other parties to intervene for the protection of his interest in said property as against such attachment has been uniformly upheld. (*Yale* v. *Hoopes,* 16 La. Ann. 311; *Letchford* v. *Jacobs,* 17 La. Ann. 79; *Field* v. *Harrison,* 20 La. Ann. 411.) In line with these authorities it appears that in those states whose statutes upon the subject of intervention have embodied the provisions of the Code of Civil Procedure of California, the same rule has been applied. In the case of *Moreland* v. *Monarch M. & M. Co.,* 55 Mont. 419 [178 Pac. 175], it was decided, after a very full review of the decisions of the courts of California and other states upon the subject, that the owner of property attached in an action for debt between two other parties had a right to intervene in defense of his property against such attachment. The same rule has been enunciated by the courts of Idaho, Utah and Washington. (*Potlatch L. Co.* v. *Runkel,* 16 Idaho, 192 [18 Ann. Cas. 591, 23 L. R. A. (N. S.) 536, 101 Pac. 396]; *Houston etc. Co.* v. *Hechler,* 44 Utah, 64 [138 Pac. 1159]; *Langert* v. *Brown,* 3 Wash. Ter. 102 [13 Pac. 704]; 2 R. C. L., p. 880, sec. 94.) This being the state of the law, we find no merit in the appellant's said contention.''

Richards, J., Seawell, J., Shenk, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.