[S. F. No. 16369.   In Bank.   May 22, 1942.]

H. H. BECHTEL, Respondent, v. ALBERT A. AXELROD et al., Defendants; LUCILLE AXELROD, Intervener and Appellant.

Albert A. Axelrod, Eugene H. O'Donnell and Julien R. Bauer for Appellant.

C. H. White, Keyes & Erskine, Herbert A. Erskine and Leslie L. Roos for Respondent.

Morrison, Hohfeld, Foerster, Shuman & Clark as Amici Curiae, on behalf of Respondent.

CURTIS, J.—Having foreclosed a deed of trust given as security for a promissory note, the plaintiff commenced this action against the defendants Axelrod and Rosenthal to obtain a deficiency judgment. The defendant Axelrod had executed the note as an accommodation maker for the benefit of the defendant Rosenthal. The wife of the defendant Axelrod intervened seeking a declaration that their community property could not be subjected to payment of the obligation since it had been incurred by her husband solely as an accommodation maker and without her knowledge and consent. The trial court found that no evidence was offered as to whether the intervener and her husband owned any community property, and that no evidence was introduced as to whether the plaintiff intended or threatened to levy execution upon any community property to satisfy the judgment against the defendant Axelrod. For these reasons the trial court concluded that the intervener had no interest in the proceedings. From the judgment entered in favor of the plaintiff on the issue of intervention, the intervener brought this appeal upon the judgment roll.

Assuming for the purposes of this discussion that under the allegations of the intervention pleadings it may be accepted as a fact that the intervener and her husband the defendant Axelrod, owned community property and that the plaintiff intended to satisfy his judgment out of it, the determinative question is whether the wife in these circumstances has such "an interest in the matter in litigation" as to entitle her to

interject her claim in this action under the terms of section 387 of the Code of Civil Procedure. That section provides in part as follows: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." The import of this language has been the subject of frequent comment in numerous decisions of the appellate courts of this state.

In *Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101], it was declared at p. 734: "The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." In *Isaacs* v. *Jones*, 121 Cal. 257 [53 Pac. 793, 1101], it was said at page 261 that the "interest" specified in the above-mentioned section of the code "must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought." To the same effect were the decisions in *La Mesa etc. Irr. Dist.* v. *Halley*, 195 Cal. 739, 741 [235 Pac. 999] ; *Jersey Maid Milk Products Co.* v. *Brock*, 13 Cal. (2d) 661, 663 [91 P. (2d) 599] ; *Lindsay-Strathmore Irr. Dist.* v. *Wutchumna Water Co.*, 111 Cal. App. 707, 710 [296 Pac. 942]. "And the code does not attempt to specify what or how great that interest shall be, in order to give a right to intervene. Any interest is sufficient. The fact that the intervener may or may not protect that interest in some other way is not material. If he 'has an interest in the matter in litigation, or in the success of either of the parties,' he has a right to intervene." (*Coffey* v. *Greenfield*, 55 Cal. 382, 383 ; *Dennis* v. *Kolm*, 131 Cal. 91, 93 [63 Pac. 141].) Accordingly, it has been uniformly held in this state that a third party whose property has been levied upon in an action against another has such an interest in the subject matter as entitles him to intervene for the purpose of establishing his right and removing the cloud cast on his property by the attachment. (*Dennis* v. *Kolm, supra; Bonfiglio* v. *Bonfiglio*, 203 Cal. 409 [264 Pac. 747] ; *Berghauser* v. *Golden State Orchards*, 208 Cal. 550 [282 Pac. 950].)

▮ Application of these principles to the present case compels the conclusion that the intervener did not possess an interest legally sufficient to sustain her intervention in

the suit which was instituted against her husband for the purpose of adjudicating his liability as the accommodation maker upon the promissory note. The wife would neither gain nor lose by the direct legal operation and effect of a money judgment rendered against her husband, the defendant Axelrod. Admittedly, the community property which she sought to protect by intervening in this action had not been endangered by an actual seizure or in any other manner. No seizure of the community property has as yet even been threatened. Granting that it was the plaintiff's *intention* in the event of his recovery, to attempt to satisfy his judgment from the community property, it is entirely conceivable that the defendant Axelrod might decide to discharge the indebtedness by payment from his separate funds or that the plaintiff might not in fact initiate proceedings to enforce collection. From these observations it is manifest that the intervener's interest in the instant action was remote and contingent and was not of the direct and immediate character required by law to support her intervention. (*Elliott* v. *Superior Court, supra.*)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Traynor, J., concurred.