[Civ. No. 27021. Second Dist., Div. Four. Oct. 21, 1963.]

[As modified Nov. 14, 1963.]

EDMOND BESHARA, Plaintiff and Respondent, v. WILLIAM GOLDBERG, Third Party Claimant and Appellant.

BURKE, P. J.— ▓ The issue in this appeal is the validity of a purported levy of attachment of certain oil royalty payments. Plaintiff, Beshara, sued Petrie, defendant, for money due on a promissory note and, at the commencement of proceedings, purportedly attached monies payable to defendant pursuant to a recorded "assignment of oil payment." The writ of attachment was duly issued and delivered to the sheriff for levy. The sheriff caused the recordation of a true copy of said writ, together with a description of the property attached and a notice that it was attached. The sheriff filed his return as a "return on personal

property," certifying that he had delivered such documents to the recorder for recordation. He made no personal service of the writ on any occupant of any property, nor did he post copies of such documents on any real property. The property sought to be attached was described as "All right, title and interest of Defendant C. A. PETRIE in and to that certain 'Assignment of Oil Payment' recorded September 27, 1960, in Book . . . . Said assignment being from BUTTRAM TEX-HOMA COMPANY to F. R. ANDERSON & C. A. PETRIE covering oil payment rights in and to oil and gas extractions from real property as described . . . ."

Defendant Petrie stipulated to the entry of a judgment against himself for approximately $10,000, but, prior to the entry of any judgment, he transferred his royalty interests to William Goldberg, appellant, for $30,000 cash. After entry of judgment, plaintiff sought to levy execution on the attached property. Goldberg filed a third-party claim in the proceeding between plaintiff and Petrie and stated, for release bond purposes, that the property was of a value of $45,000. The assignment to Goldberg from Petrie contained an option for one year to repurchase the rights conveyed for the sum of $60,000. The assignment also contained a statement, "there are no outstanding attachments or liens against his said interest." Goldberg also made a motion to quash the purported levy of attachment. Plaintiff filed a motion to quash the third-party claim. The court granted the motion to quash the third-party claim and denied the motion to quash the levy of attachment. From this last order Goldberg appeals.[1]

Goldberg contends that a proper levy of attachment was not made. He asserts that it is immaterial whether the property to be attached be considered real or personal because, in either event, the sheriff failed to perform the statutory procedural requirements set forth in Code of Civil Procedure section 542. He did not serve a copy on the payer of the oil payments which would be required for a personal property levy on a credit. Neither did he serve the occupant of the property, nor, in the absence of an occupant, post a copy of the writ in a conspicuous place on the property attached, as is required in the case of a levy on real property.

Plaintiff Beshara concedes, correctly, that the property attached was a real property interest and not personal prop-

---

[1]Supersedeas was sought and granted to stay execution on the judgment pending this appeal.

erty (*Standard Oil Co.* v. *J. P. Mills Organization,* 3 Cal.2d 128 [43 P.2d 797]), but contends that the language concerning occupancy and posting of notice used throughout section 542 of the Code of Civil Procedure is not applicable to this type of property interest, since an oil royalty cannot be occupied within the contemplation of such language.

■■■ Plaintiff contends that appellant Goldberg is not properly an intervener, that an intervention is made by a complaint setting forth the grounds for intervention and filed by leave of court. ■■ There can be no intervention without leave of court. (*Estate of Walters,* 89 Cal.App.2d 797, 799 [202 P.2d 89].) ■■ Goldberg initiated his complaint by the filing of a third-party claim. He should have sought the permission of court to intervene by a complaint in intervention in the manner prescribed by law. (Code Civ. Proc., § 387; *Berghauser* v. *Golden State Orchards,* 208 Cal. 550 [282 P. 950] ; *Dennis* v. *Kolm,* 131 Cal. 91 [63 P. 141].) Here, the sheriff had made his return of service of the attachment as though it had been on "personal property" and Goldberg following this lead, filed his third-party claim which was denied by the court. ■■ Without leave of court, and with no standing whatsoever as a party to the litigation, Goldberg also filed the notice of motion to quash the writ of attachment. The court heard the motion and quite properly denied it. ■■ It is elementary that a stranger to a proceeding has no standing to interpose a motion. If he desires to intervene, the manner of doing so is spelled out in the statute. ■■ The only person who had the right to contest the levy of the attachment was the defendant or some other interested party who has been permitted to intervene.

At the hearing on the motion to quash the attachment, during the argument which preceded the taking of testimony, counsel for plaintiff maintained that Goldberg, not a party to the proceeding, had no right to question the validity of the attachment. The court asked counsel for Goldberg for citations of authorities to sustain his position but none were submitted. On motion to reconsider the trial court's order denying the motion to quash the purported attachment, counsel for Goldberg submitted a memorandum of points and authorities on the right of a third party to intervene, citing: *Bonfiglio* v. *Bonfiglio,* 203 Cal. 409 [264 p. 747] ; *McEldowney* v. *Madden,* 124 Cal. 108 [56 P. 783] ; and *Carter* v. *Garetson,* 56 Cal.App. 238 [204 P. 1090]. The trial court denied the

motion, properly, as such. authorities relate to timely intervention.

Section 387 of the Code of Civil Procedure states, in part: *"At any time before trial,* any person, who has an interest . . . may intervene in the action or proceeding . . . ." (Italics added.) Leave of court, permitting the filing of a proposed complaint in intervention, with service upon the interested parties, is required by the section. ■ ■ Leave is discretionary, and, "Of course, after recovery of judgment no intervention is permissible, as in all cases it must be made before trial." (*Kelly* v. *Smith,* 204 Cal. 496, 501 [268 P. 1057].) The section does not allow intervention after the trial has been entirely concluded by rendition of judgment (*Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104 [187 P.2d 393]; *Braun* v. *Brown,* 13 Cal.2d 130 [87 P.2d 1009]; *Selby* v. *Allen,* 119 Cal.App. 257 [6 P.2d 285]; *Hibernia etc. Soc.* v. *Churchill,* 128 Cal. 633 [61 P. 278, 70 Am.St.Rep. 73]). In *Hibernia* the court states: "It is the general rule that an intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the *trial of the action,* or change the position of the original parties." (Italics added.)

■ Goldberg's motion, having been interposed after trial and rendition of judgment, was properly denied.

The order denying the motion to quash the attachment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 14, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 19, 1963.